UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAVYAH LATEZE BELL, Booking # 16171985,<br><br>                              Plaintiff,<br><br>    vs.<br><br>SDPD,<br><br>                              Defendants. | Case No.:  3:16-cv-02974-BTM-MDD<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]; AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

Plaintiff, Shavyah Lateze Bell, appears to be a pretrial detainee at George Bailey Detention Facility ("GBDF"). He has filed a complaint pursuant to 42 U.S.C. § 1983, and requests leave to proceed in forma pauperis ("IFP") (Doc. No. 2). Because Plaintiff's Motion to Proceed IFP complies with 28 U.S.C. § 1915(a)(2), the Court grants him leave to proceed without full prepayment of the civil filing fees required by 28 U.S.C. § 1914(a), but dismisses his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

/ / /

/ / /

A. **Plaintiff's IFP Motion**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] See 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," Bruce v. Samuels, __ S. Ct. __, 136 S. Ct. 627, 629 (U.S. 2016); Williams v. Paramo, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2); Bruce, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

|   |   |
|---|---|
| 1 | In support of his IFP motion, Plaintiff has submitted a prison certificate which has been completed by an administrative lieutenant with the San Diego County Sheriff's Department. See Doc. No. 2 at 4; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; Andrews, 398 F.3d at 1119. This statement shows that Plaintiff's current available balance in his trust account is zero, and it appears Plaintiff is unable to pay any initial fee at this time. See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [a] initial partial filing fee."); Bruce, 136 S. Ct. at 630; Taylor, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). |

Therefore, the Court grants Plaintiff leave to proceed IFP, declines to "exact" any initial filing fee because his trust account statement shows he "has no means to pay it," Bruce, 136 S. Ct. at 629, and directs the Watch Commander at GBDF to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). See id.

**B.  Legal Standards for Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"

1  Nordstrom v. Ryan, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting Wheeler v. Wexford
2  Health Sources, Inc., 689 F.3d 680, 681 (7th Cir. 2012)).
3     "The standard for determining whether a plaintiff has failed to state a claim upon
4  which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of
5  Civil Procedure 12(b)(6) standard for failure to state a claim." Watison v. Carter, 668
6  F.3d 1108, 1112 (9th Cir. 2012); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th
7  Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard
8  applied in the context of failure to state a claim under Federal Rule of Civil Procedure
9  12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted
10 as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.
11 662, 678 (2009) (internal quotation marks omitted); Wilhelm, 680 F.3d at 1121.
12     Detailed factual allegations are not required, but "[t]hreadbare recitals of the
13 elements of a cause of action, supported by mere conclusory statements, do not suffice."
14 Iqbal, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for
15 relief [is] ... a context-specific task that requires the reviewing court to draw on its
16 judicial experience and common sense." Id. The "mere possibility of misconduct" or
17 "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting
18 this plausibility standard. Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969
19 (9th Cir. 2009).
20 **C.    42 U.S.C. § 1983**
21     Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights,
22 privileges, or immunities secured by the Constitution and laws" of the United States.
23 Wyatt v. Cole, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must
24 allege two essential elements: (1) that a right secured by the Constitution or laws of the
25 United States was violated, and (2) that the alleged violation was committed by a person
26 acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Long v. Cty. of
27 Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).
28

### 1. Plaintiff's Allegations

Plaintiff's complaint does not contain clear or specific factual allegations. He only alleges that unnamed police officers with the San Diego Police Department ("SDPD") used "misconduct" during his arrest in violation of his civil rights. (Compl. at 2-3.) Plaintiff seeks a "sentence modification," as well as compensatory and punitive damages. (Id. at 5.)

### 2. Abstention

To the extent that Plaintiff seeks a "sentence modification," and it is not at all clear whether Plaintiff has been convicted and issued a sentence, Federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 45-46 (1971). Absent extraordinary circumstances, abstention under Younger is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001).

There is no question Plaintiff's criminal proceedings involve important state interests. In addition, Plaintiff's appear to be the type of claims the state courts afford an adequate opportunity to raise on direct appeal. Because Plaintiff's criminal proceedings appear to be ongoing, the injunctive relief he seeks is unavailable.

### 3. Preiser

Moreover, this Court may not grant Plaintiff a "sentence modification" pursuant to the Civil Right Act, 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to collaterally "attack the validity of his confinement" in federal court). "Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" Ramirez v.

1  Galaza, 334 F.3d 850, 856 (9th Cir. 2003) (quoting Preiser, 411 U.S. at 498-99).

### 4. Individual Liability and Causation

Plaintiff's Complaint contains virtually no factual allegations as to whom he claims violated his constitutional rights and contains no "further factual enhancement" which describes how, or to what extent, any individual became aware of, or were actually aware of, alleged constitutional violations.  "Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution."  Iqbal, 556 U.S. at 676; see also Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

"Causation is, of course, a required element of a § 1983 claim."  Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999).  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988), citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

Plaintiff must identify specific individuals whom he claims violated his constitutional rights.  He must also provide specific factual allegations as to each claim.  Currently, because his Complaint lacks any specifics, his claims are insufficient to state a section 1983 claim.  Iqbal, 662 U.S. at 678 (noting that Fed.R.Civ.P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"), quoting Twombly, 550 U.S. at 555, 570).

/ / /

/ / /

/ / /

### 5. Leave to Amend

A pro se litigant must be given leave to amend his or her complaint to state a claim unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. See Lopez, 203 F.3d at 1130 (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). While the Court finds Plaintiff's complaint fails to state any claim upon which relief can be granted, it will provide him a chance to fix the pleading deficiencies discussed in this Order.

## Conclusion

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2. **DIRECTS** the Watch Commander for GPDF, or their designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, GBDF, 446 Alta Road, San Diego, California 92158.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. See S.D. Cal. CivLR 15.1; Hal Roach Studios, Inc. v. Richard Feiner

1  & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes
2  the original."); Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (noting that
3  claims dismissed with leave to amend which are not re-alleged in an amended pleading
4  may be "considered waived if not repled.").

5.  **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for his use in amending.

Dated: December 19, 2016

_____
Hon. Barry Ted Moskowitz, Chief Judge
United States District Court